UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LILIA VALENCIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>Defendants. | Case No. 25-cv-02875-VKD<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

On February 19, 2025, plaintiffs Lilia Valencia and Lilia Chavez brought this action in Santa Clara County Superior Court against defendants Nationstar Mortgage LLC d/b/a Rushmore Servicing ("Nationstar"), U.S. Bancorp d/b/a U.S. Bank National Association as Trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bancorp"), Clear Recon Corporation ("CRC"), and Does 1-20. Dkt. No. 1-1 at ECF 18-36 (Compl.). On March 27, 2025, defendants removed the action to federal court. Dkt. No. 1. Nationstar now moves to dismiss plaintiffs' third claim for negligent misrepresentation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 8. Plaintiffs oppose this motion. Dkt. No. 14.

Having considered the moving and responding papers, and the oral arguments presented at the hearing, the Court grants Nationstar's partial motion to dismiss, with leave to amend the third claim for relief.[1]

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 11, 12, 15. The complaint also refers to 20 "Doe" defendants. Compl. ¶ 6. These defendants are not considered for the purposes of determining whether all parties consent to magistrate judge jurisdiction. *See Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (all named parties, whether served or unserved, must consent in order to vest jurisdiction in magistrate judge);

## I. BACKGROUND[2]

According to the complaint, on November 22, 2022, plaintiffs signed a grant deed, changing ownership of the property at issue "from solely Ms. Valencia, to both Ms. Valencia and Ms. Chavez." Compl. ¶ 12. Since 2019, Ms. Chavez had been helping Ms. Valencia, who is "elderly and in need of full-time care," with submitting "loss mitigation applications to [defendant Nationstar] in hopes of restructuring the mortgage debt and becoming current on the mortgage loan." *Id.* ¶¶ 14-15. Nationstar has not approved any loss mitigation options. *Id.* ¶ 14.

On June 27, 2024, a Notice of Trustee's Sale was recorded against the property. *Id.* ¶ 13. On November 26, 2024, Ms. Chavez submitted a new loss mitigation application to Nationstar, noting that she had a significant change in income and offering $20,000 as a down payment toward the mortgage loan. *Id.* ¶ 17. Ms. Chavez also requested a reinstatement quote which she did not receive. *Id.* ¶ 18. On December 21, 2024, Nationstar confirmed that the new loss mitigation application was complete and that it would be "review[ing] for loss mitigation options." *Id.* ¶ 19. On December 26, 2024, Ms. Chavez spoke to a Nationstar agent who told her that the sale date for the property would be "placed on hold." *Id.* ¶¶ 21. On January 4, 2025, Ms. Chavez spoke again to a different Nationstar agent who "confirmed that [the application] was still under review, and that the sale date set for January 8, 2025 would be postponed." *Id.* ¶ 22. On January 6, 2025, Ms. Chavez again spoke to a Nationstar agent who "confirmed that he expedited a request for a manager to reach out to Ms. Chavez" regarding the application. *Id.* ¶ 23. "Early on January 8, 2025," Ms. Chavez spoke to another Nationstar agent who "confirmed that a denial letter [i.e. denying plaintiffs' loss mitigation application] had not been uploaded to [Nationstar's] system, and verified with Ms. Chavez that if denied, an appeal period would apply." *Id.* ¶ 24. However,

---

*RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (distinguishing *Williams* with respect to unnamed "Doe" defendants); *see also Geppert v. Doe 1*, No. 23-cv-03257-SVK, 2023 WL 5804156, at *1 (N.D. Cal. Sept. 7, 2023) ("[P]laceholder Doe defendants are not 'parties' for purposes of assessing whether there is complete consent to magistrate judge jurisdiction.").

[2] Nationstar asks the Court to take judicial notice of three documents: the deed of trust to the property, a 2018 modification agreement, and a notice of default. Dkt. No. 8-2. Because the Court finds it unnecessary to refer to these documents for any purpose in resolving this motion, it declines to take judicial notice of them.

2

1  "[l]ater on January 8, 2025," Ms. Chavez spoke to a manager at Nationstar who informed her that
2  the application had been denied and that there would be no appeal period provided, "due to the
3  fact that [Nationstar] had denied Plaintiffs a modification in the past due to insufficient monthly
4  payment reduction." *Id.* ¶ 25.

5  On January 8, 2025, the property at issue was sold to U.S. Bancorp, the owner of the
6  mortgage loan. *Id.* ¶ 27. The complaint alleges that the formal letter denying plaintiffs' loss
7  mitigation application was not uploaded to Nationstar's system until January 10, 2025. *Id.* ¶¶ 28-
8  29. On January 31, 2025, defendant CRC, who conducted the foreclosure proceedings, recorded
9  the trustee's deed upon sale. *Id.* ¶ 30. Ms. Chavez and Ms. Valencia now face eviction. *Id.* ¶ 31.

10  Plaintiffs assert five causes of action: (1) violation of California Civil Code § 2923.6
11  against Nationstar and U.S. Bancorp; (2) breach of the implied covenant of good faith and fair
12  dealing under California law against Nationstar; (3) negligent misrepresentation against
13  Nationstar; (4) wrongful foreclosure against all defendants; and (5) unfair business practices in
14  violation of Business & Professions Code § 17200 against all defendants. Plaintiffs seek
15  injunctive relief as well as damages, restitution, and attorneys' fees and costs.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-cv-06064-LHK, 2018 WL

3

1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

### III.  DISCUSSION

Nationstar challenges only claim 3 of the complaint, the claim for negligent misrepresentation. In this claim, plaintiffs allege that Nationstar, through its agents, engaged in a series of misrepresentations leading up to the foreclosure sale of plaintiffs' property. Plaintiffs allege that they relied on these misrepresentations to their detriment. *See* Compl. ¶¶ 76, 79, 81.

Under California law, the elements of a claim for negligent misrepresentation are: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). Nationstar argues that plaintiffs fail to allege sufficient facts to support the second, third, and fourth elements of the claim, i.e. that the agents who made the statements at issue had no reasonable ground to believe they were true, that they intended to induce plaintiffs' reliance on the statements, and that plaintiffs justifiably relied on the statements. Dkt. No. 8 at 4. Nationstar also argues, on reply, that instead of pleading the elements of negligent misrepresentation, plaintiffs confusingly refer to an "implied agreement," suggesting that they rely on a contractual theory of liability, rather than the tort of negligent

4

misrepresentation. Dkt. No. 16 at 2. Finally, Nationstar argues that plaintiffs cannot assert a claim for negligent misrepresentation as a matter of law because no duty of care exists between plaintiffs and Nationstar. Dkt. No. 8 at 4-5.

The Court first considers whether plaintiffs have plausibly alleged the second, third, and fourth elements of a claim for negligent misrepresentation, and then considers whether or under what circumstances Nationstar owes a duty of care to plaintiffs.

### A.     Negligent Misrepresentation: Disputed Elements

For their negligent misrepresentation claim, plaintiffs appear to rely on two primary misrepresentations. First, they allege that on January 4, 2025, a Nationstar agent told Ms. Chavez that plaintiffs' loss mitigation application was under review and that the foreclosure sale set for January 8, 2025 would be postponed. Compl. ¶¶ 75-76. Second, they allege that early on January 8, 2025, a different Nationstar agent told Ms. Chavez that no letter denying plaintiffs' loss mitigation application had been uploaded and that if the application was denied, plaintiffs would have an opportunity to appeal. *Id.* ¶¶ 78-79.

The Court agrees with Nationstar that claim 3 is not adequately pled. *See* Fed. R. Civ. P. 8(a)(2); *see also Twombly*, 550 U.S. at 555. Assuming that the alleged misrepresentations satisfy the first element,[3] plaintiffs do not allege facts that plausibly support an inference that the Nationstar agents who made the statements at issue lacked reasonable grounds for believing them to be true (the second element). Likewise, plaintiffs do not allege facts that plausibly support an inference that the Nationstar agents intended to induce plaintiffs' reliance on the statements (the third element). Conversely, plaintiffs have alleged facts from which an inference may be drawn that they relied upon statements from Nationstar's agents regarding the status of their application and the timing of the foreclosure sale with respect to that application (the fourth element).

However, the Court also agrees with Nationstar that plaintiffs' allegations regarding the formation of an "implied agreement" between plaintiffs and Nationstar, *see* Compl. ¶¶ 76, 79,

---

[3] Under California law, statements about future events, such as false promises, generally cannot support a claim of negligent misrepresentation, although they may support a claim for intentional misrepresentation. *See Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153, 159 (1991).

muddy the waters regarding the nature of claim 3. These allegations suggest that plaintiffs rely on a contract theory, rather than a tort theory, and they are inconsistent with plaintiffs' assertion of a claim for negligent misrepresentation. *See also id.* ¶ 85 (referring to "these statutes"). The Court notes that, in their opposition, plaintiffs disavow reliance on contract theories of liability. *See* Dkt. No. 14 at 4.

Because plaintiffs have not adequately alleged all elements of a claim for negligent misrepresentation and have introduced confusion by relying on allegations of "implied agreement," the Court grants Nationstar's motion to dismiss claim 3.

### B. Absence of Duty

Nationstar additionally argues that the negligent misrepresentation claim fails as a matter of law because Nationstar owed no duty to plaintiffs. Specifically, Nationstar argues that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Dkt. No. 8 at 4-5 (quoting *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)). Presumably, Nationstar contends its actions did not exceed its "conventional role" as a lender with respect to its interactions with plaintiffs.

In response, plaintiffs cite to and then distinguish the California Supreme Court's decision in *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905 (2022). Plaintiffs note that while *Sheen* "held that a mortgage service does not owe a tort duty to process, review, or respond to loan modification applications with due care," the decision "explicitly did not address negligent misrepresentation." Dkt. No. 14 at 2; *see Sheen*, 12 Cal.5th at 943 ("Because '[n]egligent misrepresentation is a separate and distinct tort' from negligence [citation omitted], plaintiff is not estopped from asserting a negligent misrepresentation claim merely because his negligence claim fails."). Nationstar does not respond to this observation, except to state that *Nymark* stands for the proposition that there is no duty of care. Dkt. No. 16 at 3.

California law is not entirely clear on whether and under what circumstances plaintiffs may assert a claim of negligent misrepresentation against a lender. *Sheen* rejected an argument that *Nymark* supports "the sweeping conclusion that a lender never owes a duty of care to a borrower

. . . ." *Sheen*, 12 Cal. 5th at 929 (cleaned up). And before *Sheen* was decided, some state appellate decisions recognized that "a lender *does* owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale, " and that "[t]he law imposes a duty not to make negligent misrepresentations of fact." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013) (emphasis added). As *Lueras* appears to be good law in California, the Court finds unpersuasive Nationstar's argument that it owes *no duty* to not make material misrepresentations to plaintiffs. However, as plaintiffs fail to clearly and adequately allege the elements of their negligent misrepresentation claim, the Court does not resolve the parties' dispute about the existence of Nationstar's duties, if any, to plaintiffs.

## IV.   CONCLUSION

For the reasons stated above, the Court grants Nationstar's partial motion to dismiss the third claim for negligent misrepresentation. However, plaintiffs may be able to amend this claim to address the deficiencies described in this ordered. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (leave to amend "should be freely given when justice so requires"). Affording plaintiffs an opportunity to amend will not prejudice Nationstar or any other defendant. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (discussing considerations for granting or denying leave to amend). The Court will therefore grant plaintiffs leave to amend their negligent misrepresentation claim.

Plaintiffs must file their amended complaint by **June 11, 2025.**

**IT IS SO ORDERED.**

Dated: May 28, 2025

Virginia K. DeMarchi
United States Magistrate Judge

7