1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8 | LILIA VALENCIA, et al.,

Plaintiffs,

Case No.  25-cv-02875-VKD

9

10 | v.

**ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

11 | NATIONSTAR MORTGAGE LLC, et al.,

Defendants.

Re: Dkt. No. 27

12

13

14          On February 19, 2025, plaintiffs Lilia Valencia and Lilia Chavez brought this action in

15 Santa Clara County Superior Court against defendants Nationstar Mortgage LLC d/b/a Rushmore

16 Servicing ("Nationstar"), U.S. Bancorp d/b/a U.S. Bank National Association as Trustee for the

17 RMAC Trust, Series 2016-CTT ("U.S. Bancorp"), Clear Recon Corp ("CRC")[1], and Does 1-20.

18 Dkt. No. 1-1 at ECF 18-36.  Plaintiffs asserted five causes of action: (1) violation of California

19 Civil Code § 2923.6 against Nationstar and U.S. Bancorp; (2) breach of the implied covenant of

20 good faith and fair dealing under California law against Nationstar; (3) negligent

21 misrepresentation against Nationstar; (4) wrongful foreclosure against all defendants; and (5)

22 unfair business practices in violation of Business & Professions Code § 17200 against all

23 defendants.  *Id.*  On March 27, 2025, defendants removed the action to federal court.  Dkt. No. 1.

24 On April 3, 2025, defendant Nationstar moved to dismiss plaintiffs' third claim for negligent

25 misrepresentation.  Dkt. No. 8.  On May 28, 2025, the Court granted Nationstar's motion but gave

26 plaintiffs leave to amend their negligent misrepresentation claim.  Dkt. No. 24.  Plaintiffs filed an

27

28

---

[1] Plaintiffs have since voluntarily dismissed CRC from this action.  *See* Dkt Nos. 34, 35.

United States District Court
Northern District of California

amended complaint on June 24, 2025.  Dkt. No. 26.  Nationstar now moves once again to dismiss plaintiffs' third claim for negligent misrepresentation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 27.  Plaintiffs oppose this motion.  Dkt. No. 32.  The Court finds this matter suitable for resolution without oral argument.  *See* Civil L.R. 7-1(b).

Having considered the moving and responding papers, the Court denies Nationstar's motion to dismiss plaintiffs' third claim for negligent misrepresentation.

## I.     BACKGROUND[2]

The pertinent facts of the case are set out in the Court's prior order, and the Court will not repeat them here.  *See* Dkt. No. 24 at 2-3.  In the third claim of the amended complaint, plaintiffs identify three alleged misrepresentations:

1. That on December 21, 2024, Nationstar advised plaintiffs by letter that plaintiffs' loss mitigation application was complete and would be reviewed.  Dkt. No. 26 ¶ 75.

2. That on January 4, 2025, a Nationstar agent told Ms. Chavez that plaintiffs' loss mitigation application was under review and that the foreclosure sale set for January 8, 2025 would be postponed.  *Id.* ¶ 76.

3. That on January 8, 2025, a different Nationstar agent told Ms. Chavez that no letter denying plaintiffs' loss mitigation application had been uploaded to the system and that if the loss mitigation application was denied, plaintiffs would have an opportunity to appeal.  *Id.* ¶ 78.

Plaintiffs allege that despite these statements, the property was sold on January 8, 2025, the loss mitigation application was denied, and plaintiffs were not given the opportunity to appeal.  *Id.* ¶¶ 77, 79.  Plaintiffs have removed from this claim references to an "implied agreement" that the Court previously found undermined their tort theory of liability.  *See* Dkt. No. 24 at 5-6.  As before, plaintiffs seek injunctive and declaratory relief, damages, attorneys' fees and costs, and other forms of relief the Court "deems just and proper."  Dkt. No. 26 at 16-17.

---

[2] Nationstar asks the Court to take judicial notice of three documents: the deed of trust to the property, a 2018 modification agreement, and a notice of default.  Dkt. No. 26-1.  Because the Court finds it unnecessary to refer to these documents for any purpose in resolving this motion, it declines to take judicial notice of them.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("Prager I"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

## III.    DISCUSSION

In its partial motion to dismiss, Nationstar once again challenges the sufficiency of plaintiffs' pleadings as to their negligent misrepresentation claim. Dkt. No. 27. Under California

United States District Court
Northern District of California

law, the elements of a claim for negligent misrepresentation are: (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).  In its prior order, the Court found that plaintiffs had failed to adequately plead facts supporting the second and third elements of their claim for misrepresentation.  Dkt. No. 24 at 5.  However, the Court found that plaintiffs had sufficiently alleged facts supporting the fourth element, justifiable reliance.  *Id.*  Nationstar did not challenge plaintiffs' allegations in support of the first element.  *See generally* Dkt. No. 8.[3]

In its present motion to dismiss, Nationstar challenges plaintiffs' pleading as to the first four elements.  Dkt. No. 27.  With respect to the first and second elements, Nationstar argues that the alleged misrepresentations are future-looking and thus generally not actionable, and that plaintiffs plead no facts from which it can be plausibly inferred the agents had no intention of postponing the sale or no reasonable grounds for believing their statements were untrue.  *Id.* at 4-5 (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991)).  With respect to the third and fourth elements, Nationstar argues that plaintiffs plead no facts from which it can be plausibly inferred that Nationstar agents intended to induce plaintiffs' reliance on their statements, or that plaintiffs in fact relied on the statements.  *See id.* at 5 ("There are simply no facts alleged that explain what change in position Rushmore intended Plaintiffs to make as a result of the alleged misrepresentation, or what advantage Rushmore hoped to gain by allegedly making a misrepresentation."); *id.* ("Nowhere in the FAC do Plaintiffs explain what they would have done differently had the Rushmore agents told them the foreclosure sale was going forward as scheduled on January 8.").

Plaintiffs respond that the alleged misrepresentations are not future-looking statements but

---

[3] In its prior order, the Court also addressed Nationstar's contention that it owed no duty to plaintiffs.  Dkt. No. 24 at 6.  However, Nationstar indicates in its current briefing that it "concedes there is the possibility it could owe a duty to Plaintiffs" for the purposes of the motion and that it does not seek dismissal on this ground.  Dkt. No. 37 at 1.  The Court therefore assumes for the purposes of deciding this motion that plaintiffs have established the existence of a duty.

United States District Court
Northern District of California

1    "were factual assertions about the then-existing status of Plaintiffs' loan modification and

2    procedural protections." Dkt. No. 32 at 3-4. They argue that the amended complaint plausibly

3    alleges that Nationstar agents lacked reasonable grounds for believing the statements they made to

4    plaintiffs about the status and process that applies when an application is approved or denied, and

5    that the agents intended to and did induce plaintiffs' reliance on the accuracy of these statements,

6    which in turn influenced plaintiffs' action and decisions about the property in question. *Id.* at 4

7    (citing Dkt. No. 26 ¶¶ 80-81). Through these allegations, plaintiffs argue that they have "directly

8    cure[d] the deficiencies identified in the Court's May 28 order." *Id.*

9        As an initial matter, the Court notes that although the alleged misrepresentations are

10   unchanged in the amended complaint, Nationstar did not contend in its first motion to dismiss that

11   the statements in question fail to qualify as actionable statements of "a past or existing material

12   fact"—the first element of a claim for negligent misrepresentation claim. *See* Dkt. Nos. 8, 16.

13   While the Court may consider this argument for the first time now, *see Pepper v. Apple, Inc.* (*In re*

14   *Apple IPhone Antitrust Litig.*), 846 F.3d 313, 317-18, 320 (9th Cir. 2017), the Court is not

15   persuaded that the alleged misrepresentations are necessarily non-actionable, future-looking

16   statements. As noted above, the plaintiffs cast the statements as assertions about the processing of

17   their application and the procedures that Nationstar employs when acting upon such an

18   application, rather than statements predicting future events. Drawing all reasonable inferences in

19   favor of the plaintiffs at this stage of the proceeding, the Court finds that plaintiffs have

20   sufficiently pled the first element of their negligent misrepresentation claim.

21       As to the other elements, Nationstar is correct that merely reciting the elements of a claim

22   in a conclusory fashion is generally insufficient. *See Prager I*, 2018 WL 1471939, at *3.

23   However, while plaintiffs' amended allegations are rather thin, the Court disagrees that they are

24   entirely conclusory. As to the second element, plaintiffs allege that the "assurances [from

25   Nationstar's agents] were contradicted by the subsequent denial of the application without an

26   appeal period and immediate foreclosure of the property, despite prior assurances to the contrary."

27   Dkt. No. 26 ¶ 80. Again, drawing all inferences in favor of plaintiffs, the Court cannot say that

28   plaintiffs have failed to plausibly allege that the Nationstar agents lacked reasonable grounds for

believing their statements to be true. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.
App. 4th 49, 79-80 (2013) (suggesting plaintiffs could state a fraud claim where "[d]espite the
express representation in the May 5 letter that no foreclosure sale would proceed, and Whittaker's
oral representation that the sale would be reset, the foreclosure sale was conducted on May 18.").
As to the third element, plaintiffs now assert that the alleged misrepresentations "were made to
assure Plaintiffs that their 2024 application was being considered and that the foreclosure sale
would not proceed, thereby influencing Plaintiffs' actions and decisions regarding their property."
Dkt. No. 26 ¶ 81.  These allegations are sufficient to plausibly allege Nationstar's intent to induce
reliance.  Finally, the Court has already concluded that plaintiffs allege facts sufficient to plead the
fourth element of justifiable reliance, and it does not revisit that conclusion here.  Dkt. No. 24 at 5.

As plaintiffs have plausibly alleged a claim for negligent misrepresentation, the Court
denies Nationstar's motion to dismiss this claim.

## IV.    CONCLUSION

For the reasons stated above, the Court denies Nationstar's partial motion to dismiss.  The
motion to dismiss hearing scheduled for July 29, 2025 is vacated.

Nationstar shall file an answer **no later than August 8, 2025.**

**IT IS SO ORDERED.**

Dated: July 25, 2025

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

6